356 So.2d 1179 (1978)
Whitney DASE
v.
STATE of Mississippi.
No. 50413.
Supreme Court of Mississippi.
March 29, 1978.
Guy M. Walker, J. Larry Walters, Laurel, for appellant.
*1180 A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from a conviction of murder, returned after a jury trial in the Circuit Court of Jones County, Mississippi. Appellant was sentenced to life in the custody of the Mississippi Department of Corrections.
Appellant's first contention is that the verdict was against the overwhelming weight of the evidence. We do not agree.
Appellant testified that he went looking for the deceased after the latter hit his (appellant's) mother the previous night. He further stated that he armed himself with a broken pool cue and a.38 calibre revolver because he had been told that the deceased was a violent character who carried a knife. According to appellant, when he confronted the deceased and identified himself as the son of the woman whom the deceased beat the night before, the deceased made a scurrilous remark about appellant's mother and reached into his pocket and came out with his knife. Appellant hit the deceased with the pool cue, which broke and fell to the floor. The deceased staggered back and got out his knife and started cutting at appellant, who grabbed a chair and placed it between himself and the deceased. Appellant stated that as they circled around the chair, he got out his pistol and fired a shot into the floor. The deceased then pushed the chair and appellant fell backwards onto the floor. The deceased was not, however, able to take advantage of this situation because of appellant's pistol and when appellant got up they resumed circling around a chair, with the deceased trying to cut appellant. Appellant fired another shot into the floor but this did not seem to faze the deceased. The combatants finally worked their way into the back room of the cafe where this fight took place and the deceased pushed appellant off balance again and came at him. Appellant then shot him twice in the leg. These bullets severed the femoral artery and the deceased bled to death.
Appellant's testimony was substantially corroborated by his wife and by one David Cooley. However, Mr. Cooley's testimony was impeached by a prior inconsistent statement.
The evidence for the state was largely circumstantial as none of its witnesses saw anything after the initial blow struck by appellant with the pool cue. However, one witness did testify that she did not see the deceased reach into his pocket before appellant hit him, although she was watching at the time. Other than this, the state largely relied upon the photographs of the deceased and testimony regarding his wounds to establish that appellant was the aggressor and beat the deceased much more severely than he admitted.
After carefully considering the evidence, we are of the opinion that there was sufficient evidence for the jury to find appellant guilty of murder. Consequently, we reject this assignment of error.
Appellant next contends that the trial court erred in allowing the introduction of photographs taken of the nude body of the deceased showing wounds caused by others at a time prior to the altercation between the deceased and the appellant.
The photographs of which appellant complains are one of the deceased's face, which exhibits a large gash on the forehead; one of the back of deceased's head, which shows a gash behind the left ear; one which shows the two bullet wounds in the thigh which caused the death; and one which shows how the deceased's right earlobe was almost severed. There was testimony that prior to the altercation between the deceased and appellant, the former had a large bandage on his forehead, a stab wound in his chest, bruise marks about his neck, a bruise behind his left ear, and a bullet lodged in his skull from a wound suffered much earlier.
Appellant contends that it was error to allow the introduction of the photographs *1181 showing the bullet wounds in the thigh and the wound of the deceased's right earlobe because it was admitted that the appellant shot the deceased in the leg and struck the deceased with a cue stick, probably, according to appellant's brief, on the deceased's right ear.
The rule is that if photographs which disclose some gruesome aspect of the crime are relevant to an issue in the case, then the defendant cannot complain of the portrayal of a condition which he himself caused; but if the photographs are not relevant or material to any issue in the case and serve only to inflame the minds of the jurors and prejudice them against the accused, they should not be received into evidence. West v. State, 218 Miss. 397, 67 So.2d 366 (1953).
Judged by this standard, it is clear that there was no error by the trial court in admitting these photographs which would require the reversal of this case. While the appellant may have admitted causing the bullet wounds in the deceased's thigh, that admission did not come until after the photograph of those wounds was admitted into evidence. Moreover, the photograph is not particularly gruesome and it is not likely that the jurors would have been inflamed by viewing it. See Curry v. State, 328 So.2d 328 (Miss. 1976). The photograph of the deceased's right ear was relevant in that it contradicted appellant's testimony that he only hit the deceased once with the cue stick, which he was holding in his right hand as he and the deceased faced each other. In such a position appellant's right side would have been opposite the deceased's left side and the blow probably would have been to the left side of the deceased's head. The photographs of the gashes on the front and back of the deceased's head were relevant in that they showed fresh wounds, thereby contradicting the testimony which indicated that those wounds might have been old ones. Further, these photographs reveal that greater force and violence was used by appellant than that which was admitted by appellant. See Hancock v. State, 209 Miss. 523, 47 So.2d 833 (1950). For these reasons, we reject appellant's second assignment of error.
Appellant next contends that the trial court erred in refusing to grant a new trial based upon the discovery, after the verdict, that a prospective juror concealed material information sought by counsel's questions propounded on voir dire, which deprived appellant of the opportunity to exercise challenges either peremptorily or for cause.
The facts relevant to this assignment are that during voir dire examination, a prospective juror failed to respond when the panel was asked the following question: "Have any of you or members of your immediate family ever been the victim of a crime or a violent crime?"
The prospective juror subsequently served as a juror in appellant's trial. After the return of a guilty verdict, counsel for appellant learned that the juror's son had been stabbed to death approximately one month prior to appellant's trial. At the hearing on the motion for a new trial, it was established that at the time of the voir dire examination, the prospective juror knew that her son had been stabbed to death, although she did not know how he had received the mortal wound. She testified that, although she heard the question, she did not respond to it because she did not think about her son when it was asked. She further stated that her son's death had no effect on her verdict in the case.[1]
We recently were faced with a similar issue in the case of Odom v. State, 355 So.2d 1381 (1978), where we held that in such cases the trial court should determine: (1) whether the question to which the juror failed to respond was relevant to the voir dire; (2)whether the juror had substantial knowledge of the information sought to be *1182 elicited; and (3) whether the question was direct and unambiguous. If these questions are answered in the affirmative, then the court should grant a new trial if there is a reasonable inference of prejudice.
In the instant case, it is clear that the answers to the three questions were all affirmative. The state contends, however, that the juror did not know that her son was the victim of a violent crime, although she knew he had been stabbed, and that, therefore, Odom does not apply here. However, it is apparent from her testimony that her failure to respond to the question was inadvertent and that she did in fact think that her son was the victim of a violent crime and this is what is really important under the Odom test. It is clear that prejudice is inferable from the juror's failure to reveal the information sought by the question and that she would, in all probability, have been challenged peremptorily, if not for cause, if his attorney had been in possession of this information. We find it impossible to believe that the juror could have forgotten so shocking an event as her son's violent death in a month's time. Therefore, we hold that the lower court erred in denying the motion for a new trial.
Appellant next assigns as error the trial court's denial of his requested manslaughter instruction. In view of appellant's testimony that the deceased drew his knife before appellant struck him with the cue stick, we are of the opinion that this assignment is well taken. See Wells v. State, 305 So.2d 333 (Miss. 1974); Martin v. State, 112 Miss. 365, 73 So. 64 (1916); Cotton v. State, 31 Miss. 504 (1856).
Finally, appellant contends that the trial court erred in excluding the testimony of two witnesses concerning a conversation they had with appellant on the day of the killing in which they informed appellant that the deceased was a violent person, who carried a knife and would kill appellant if they got into a fight. Appellant argues that since the purpose of this testimony was to shed light on his state of mind at the time of the incident, it was improperly excluded. However, even if we assume, for the sake of argument, that such testimony was admissible, the error in excluding it was harmless because appellant testified as to the substance of the conversation himself.
For the foregoing reasons, the cause is reversed and remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] It should be noted that the state did not question the juror's competency to testify at the hearing on the motion for a new trial, so no issue is raised with respect to the admissibility of her testimony.