360 So.2d 704 (1978)
Lewis BROOKS, Jr.
v.
STATE of Mississippi.
No. 50542.
Supreme Court of Mississippi.
July 12, 1978.
Sullivan, Smith, Hunt & Vickery, Ralph E. Chapman, Clarksdale, for appellant.
A.F. Summer, Atty. Gen., by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and LEE and BOWLING, JJ.
*705 PATTERSON, Chief Justice, for the Court:
Lewis Brooks, Jr., appeals from a conviction of aggravated assault and a sentence of five years by the Circuit Court of Coahoma County.
On the morning of June 15, 1976, Mrs. Sheila Garrard left her place of employment in the McWilliams Building in the City of Clarksdale and walked to her car in the parking lot behind the building. After getting into her automobile, she reached to close the door when a black man approached her stating, "Move over, or I'll beat you up." He pushed, shoved and struck her with his hands and arms, as well as a school book and a notebook. Mrs. Garrard fought back, kicking and pushing until they were out of the car. At that time she was struck several times across the face, her back and neck. Suddenly, her assailant turned and ran from the parking lot.
Mrs. Garrard shouted to Floyd Shankerman, who was standing nearby, that she had been assaulted and pointed to the fleeing assailant. As he pursued, she ran to the front of the McWilliams Building where Officers Jimmy Vanlandingham and Wayne Havens of the Clarksdale Police Department were sitting in a patrol car. She and Officer Vanlandingham proceeded to the parking lot while his partner began pursuit in the car.
In a few minutes a police car drove into the parking lot with a black man in the back seat. Mrs. Garrard was unable to identify him as her assailant, although at trial she described him as being a young black of medium weight with a medium Afro wearing a light colored shirt and darker pants.
Shankerman testified that after parking that morning, he watched a young black running across the lot and heard Mrs. Garrard calling him. He described the man as being between five feet eight inches and five feet ten inches, weighing about 160 or 165 pounds, wearing a light blue shirt and darker pants, having a semi-Afro haircut and carrying what appeared to be a book under his arm. Shankerman gave chase in his car, losing sight of the assailant for approximately 20 to 25 seconds but saw him again and resumed the chase, arriving at the scene of apprehension. He identified the appellant, a youth, as the individual who left the parking lot, stating that he had run no more than two blocks from the time he first observed him until he was stopped by the police within a time span of 30 seconds to a minute.
No readable fingerprint was found at the scene. Although the Police Department sent the victim's and the accused's clothes to the FBI for analysis, the results were negative as to transfer of textile material and hair samples.
Appellant testified on his own behalf stating that while on his way to school he saw a police car approaching at full speed with the lights on. He began running in the direction it was going to see what it was pursuing. The police photo introduced at trial indicated that Brooks was five feet eleven inches tall, weighed 163 pounds, and was of medium build.
Mrs. Garrard's injuries consisted of a few bruises and marks on the left side of her neck.
The major issues facing this Court are as follows:
1. Whether the lower court at the hearing for a new trial improperly refused to allow newly-discovered evidence that a member of a juror's immediate family had been the recent victim of a criminal attack where the juror had answered a question in this regard negatively on voir dire, and
2. Whether the verdict was contrary to the overwhelming weight of the evidence.
While on voir dire, defense counsel asked, "Have any of your family ever been the victim or the subject of an assault and battery, or a criminal attack on their person?" The record reflects no affirmative responses from the jurors. In moving for a new trial, appellant averred in his sworn affidavit that the juror, Mrs. Earnest L. Easley, Jr., failed to disclose that a member *706 of her immediate family was the recent victim of a crime. However, the trial court overruled the motion.
A very similar situation occurred in Dase v. State, 356 So.2d 1179 (Miss. 1978), in which a prospective juror failed to respond to the question, "Have any of you or members of your immediate family ever been the victim of a crime or a violent crime?" Subsequent to a guilty verdict, defense counsel learned that this juror's son had been stabbed to death approximately one month prior to appellant's trial. We reversed the cause basing our decision upon the test established in Odom v. State, 355 So.2d 1381 (Miss. 1978), in which we held the following:
... Therefore, we hold that where, as here, a prospective juror in a criminal case fails to respond to a relevant, direct, and unambiguous question presented by defense counsel on voir dire, although having knowledge of the information sought to be elicited, the trial court should, upon motion for a new trial, determine whether the question propounded to the juror was (1) relevant to the voir dire examination; (2) whether it was unambiguous; and (3) whether the juror had substantial knowledge of the information sought to be elicited. If the trial court's determination of these inquiries is in the affirmative, the court should then determine if prejudice to the defendant in selecting the jury reasonably could be inferred from the juror's failure to respond. If prejudice reasonably could be inferred, then a new trial should be ordered. It is, of course, a judicial question as to whether a jury is fair and impartial and the court's judgment will not be disturbed unless it appears clearly that it is wrong... . (355 So.2d at 1383)
In the present case, we think that the answers to the three questions are all affirmative and that prejudice resulted to appellant.
The second issue which we must decide is whether the verdict was contrary to the overwhelming weight of the evidence. The indictment charged as follows:
That Lewis Brooks ... did unlawfully, willfully, feloniously and knowingly attempt to cause serious bodily injury to Sheila Garrard, under circumstances manifesting the extreme indifference to the value of human life, by willfully, unlawfully, feloniously, knowingly and recklessly striking the said Sheila Garrard on her head, chest and back with his hands and fists, and with books, in violation of Section 93-3-7(2)(a) Miss. Code Ann. (1972) as amended... .
Appellant contends from the facts he can be guilty of no greater crime than simple assault. Section 97-3-7 provides for the crimes of simple assault and aggravated assault in pertinent part as follows:
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both... .
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years... .
We think there was insufficient evidence to prove that appellant attempted to cause serious bodily injury to Mrs. Garrard. There can only be conjecture as to what his intent was as her injuries were not serious. *707 Further, we are unable to say in these particular circumstances that the book used in the attack constituted "a deadly weapon or other means likely to produce death or serious bodily harm ..." We can only surmise as to what would have resulted had the attack continued and as we have stated before, the mere probability of the guilt of a particular crime cannot support a verdict of guilty. Aikerson v. State, 295 So.2d 778 (Miss. 1974); Spurlock v. State, 158 Miss. 280, 130 So. 155 (1930); Green v. State, 67 Miss. 356, 7 So. 326 (1890). Therefore, we are of the opinion the appellant can be guilty of no more than simple assault and that the trial court improperly refused a peremptory instruction for appellant as to the charge of aggravated assault.
After having considered the other assignments of error, we find them to be without merit. Therefore, this cause must be reversed and remanded for a new trial on simple assault.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.