371 So.2d 869 (1979)
Homer ATKINSON
v.
STATE of Mississippi.
No. 51126.
Supreme Court of Mississippi.
June 6, 1979.
Wright & Phillips, Morris C. Phillips, Jr., A.R. Wright, Jr., Carthage, for appellant.
A.F. Summer, Atty. Gen., by Calvin Coolidge Williams, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*870 Before SMITH, SUGG and COFER, JJ.
SUGG, Justice, for the Court:
Homer Atkinson was convicted of manslaughter by culpable negligence arising from an automobile collision and sentenced to a term of 20 years by the Circuit Court of Leake County.
Defendant filed a motion for a new trial on the ground that one of the jurors failed to respond to the following question asked on voir dire examination: "Has any member of your family died as the result of an automobile accident?"
Several prospective jurors answered the same question in the affirmative and none served on the jury. After the trial, defendant discovered that two close relatives of one of the jurors were killed in separate automobile accidents. He immediately filed a bill of exceptions, an amended motion for a new trial, and made a record on the issue. The juror was called as a witness on the motion and testified that she was on the jury, that her stepson and step-grandson were killed in separate automobile accidents. The juror also testified that if she heard the question she did not understand it because she was on the back row.
In Dase v. State, 356 So.2d 1179 (Miss. 1978) and Odom v. State, 355 So.2d 1381 (Miss. 1978), we held that where a prospective juror in a criminal case fails to respond to a relevant, direct, and unambiguous question presented by defense counsel on voir dire, although having knowledge of the information sought to be elicited, the trial court should, upon motion for a new trial determine whether the question propounded to the juror was:
(1) relevant to the voir dire examination; (2) whether it was unambiguous; and (3) whether the juror had substantial knowledge of the information sought to be elicited. If the trial court's determination of these inquiries is in the affirmative, the court should then determine if prejudice to the defendant in selecting the jury reasonably could be inferred from the juror's failure to respond. If prejudice reasonably could be inferred, then a new trial should be ordered. (355 So.2d at 1383).
In this case the answers to the three inquiries were all affirmative. The following question and answer was propounded to and given by the juror:
Q. I want to ask you did those deaths have any influence on your decision as a juror?
A. Well, I think it did.
An objection to the question and answer was interposed by the state which was properly sustained; however, if a similar question had been asked the juror during the jury selection process and the same answer given, the question would not have been objectionable and the juror should have been excused. Therefore, we are of the opinion that prejudice is inferable from the juror's failure to reveal the information that two of her close relatives had been killed in automobile accidents before the trial of this case. If defendant's attorney had been in possession of this information at the time the jury was selected, in all probability, the juror would have been excused either peremptorily or for cause.
Defendant also assigns as error the inflammatory argument of the prosecuting attorneys, but because we are reversing the case we make no comment on this assignment of error except to state that the prosecuting attorneys, in arguing the case at a new trial, should refrain from making deliberate, inflammatory statements.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., took no part.