381 So.2d 152 (1980)
MARSHALL DURBIN, INC.
v.
Archie TEW.
No. 51701.
Supreme Court of Mississippi.
February 27, 1980.
Watkins, Pyle, Ludlam, Winter & Stennis, Richard G. Cowart, David B. Grishman, Jackson, for appellant.
Tullos, Tullos & Tullos, Eugene C. Tullos, Raleigh, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
*153 WALKER, Justice, for the Court:
This is the second appeal in a personal injury action brought by the appellee, Archie Tew, against Marshall Durbin, Inc. as a result of the collision of a truck owned by Marshall Durbin with an Illinois Central Gulf Railroad Company train in Mize, Mississippi, on June 20, 1975.
The collision resulted in the spilling of chicken waste around the area of the collision, and Tew, as police chief of Mize, was required to work in this area, thus exposing him to the putrid odor of the chicken waste. Tew's basis for damages was his allegation that being exposed to this odor caused injury to his sense of taste and smell as well as other ailments and that these injuries were a result of the negligence of Illinois Central and Marshall Durbin.
At the first trial, the trial judge directed a verdict for Illinois Central and submitted Marshall Durbin's liability to the jury. The jury returned a verdict against Marshall Durbin for $18,000.00. Marshall Durbin appealed the jury verdict on several grounds, and on March 1, 1978, this Court by written opinion, Marshall Durbin, Inc. v. Tew, 362 So.2d 601 (Miss. 1978), affirmed on the issue of Marshall Durbin's liability, but reversed and remanded the cause for retrial on the issue of damages, stating that the verdict of $18,000.00 was excessive and unreasonable *154 where the medical bills totalled only $252.00, where there was no hospitalization required, no time was lost from Tew's employment, and where there was no permanent disability.
On November 7, 1978, a new trial was held on the issue of damages only and the jury returned a verdict for $20,500.00.
Following the verdict of the jury, Marshall Durbin alleged in his motion for a new trial that the defendant was prejudiced by the presence of a juror on the jury who had been recently represented by Tew's attorney. Durbin filed a motion and an amended motion for a remittitur, or in the alternative, for a new trial, assigning this and other errors. In support of the motion, Durbin presented sworn statements from its corporate representative and from all its counsel present during the trial that each did not have knowledge of the juror's relationship with Tew's attorney and that if they had known of this relationship, the juror would have been challenged either peremptorily or for cause.
Counsel for Marshall Durbin, who was present during voir dire, also stated for the record that, during voir dire, the jury was questioned as to past and present representation by counsel for the parties and that this particular juror remained silent.
Counsel for Mr. Tew testified that he had represented the particular juror in the past, but was not representing him at the present time, stating that the case in which he represented the juror had been settled and that the release in the matter was executed on October 21, 1978, which was approximately two weeks prior to this trial. Tew's counsel further testified that he did not recall if the court's voir dire had included past and present representation by counsel for the parties. At the conclusion of the evidence, the trial court considered the motions and found the jury to be fair and impartial, and that the verdict of the jury was not grossly excessive. The court then overruled the post-trial motion. We reverse.
Marshall Durbin assigns as error, inter alia, that:
The trial court erred in refusing to grant a new trial where defendant was prejudiced in selecting an impartial jury because a juror, being recently represented by counsel for the appellee, failed to respond when questioned on voir dire about such representation.
Mississippi Constitution Article III, section 31 states that "The right to a jury trial is an inviolate right," and this provision has been interpreted in Mississippi Power Company v. Stribling, 191 Miss. 832, 3 So.2d 807, 810 (1941), and other cases too numerous to mention to mean that: "It is the duty of the court to see that a competent, fair and impartial jury is empaneled."
In Mississippi Power Company v. Stribling, supra, the defendant's attorney discovered for the first time, after the case had been on trial for four days and was about ready for argument before the jury, that one of the jurors, and the plaintiff's attorney were first cousins. Mr. Lewis, the plaintiff's attorney, knew of that fact and said nothing about it to any of defendant's attorneys. Thereupon the latter made a motion that the jury be discharged on that ground and another trial be granted. The motion was overruled. On appeal to this Court, we stated:
This action of the court was error. A lawyer's duties are not confined alone to serving his clients. He is an officer of the Court and as such is called on to do and say whatever is necessary to promote the fair administration of justice. Mr. Lewis should have called the court's and opposing counsel's attention to his relationship to the juror.
As to appellant's deprivation of constitutional or statutory guarantees of a trial of his case before a fair and impartial jury, the general established principle has been stated in 58 Am.Jur.2d New Trial section 348 (1971), as follows:
It seems generally agreed that when matters which might establish prejudice or work a disqualification of a juror are actually gone into upon the voir dire examination and false answers are given or *155 deception is otherwise practiced, as a result of which a juror, although disqualified in fact, is accepted, the party misled or deceived thereby, upon discovering the fact of the juror's incompetency or disqualification after trial, may assert that fact as ground for and obtain a new trial, upon a proper showing of such facts, even though, it has been held, the bias or prejudice is not shown to have caused an unjust verdict; it is sufficient that a party, through no fault of his own, has been deprived of his constitutional or statutory guarantee of a trial of his case before a fair and impartial jury.
In Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla.App. 1972), the Florida appellate court was faced with a situation where one of the jurors had previously been represented by the partner of one of the plaintiff's attorneys and had not disclosed this representation during general voir dire questioning. In determining that the trial court correctly granted a new trial, the court said: "That there is a `miscarriage of justice' when a party is precluded from the opportunity of having a juror excused for cause or excusing such juror peremptorily by reason of a material concealment by the juror of a fact sought to be elicited on voir dire where the failure to discover concealment is not through want of diligence by the complainant." We agree with this rationale. See also Atkinson v. State, 371 So.2d 869 (Miss. 1979); Dase v. State, 356 So.2d 1179 (Miss. 1978) and Odom v. State, 355 So.2d 1381 (Miss. 1978).
The record in this cause being silent as to any valid reason why appellee's attorney failed to disclose that he had represented the juror approximately two weeks before this trial, leads to the inescapable conclusion that the defendant was prejudiced.
Plaintiff's attorney, as an officer of the court, was under a duty to disclose his relationship with the juror, and his failure to do so, under the facts presented, causes us to reverse this case. In order to avoid any suggestion of impropriety, counsel should always disclose and bring to the attention of the court and opposing counsel this type of relationship with prospective jurors.
The judgment of the trial court is reversed and this cause remanded for a new trial on the question of damages only.
REVERSED AND REMANDED FOR A NEW TRIAL AS TO DAMAGES.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.