437 So.2d 35 (1983)
Winford DORROUGH
v.
STATE of Mississippi.
No. 54383.
Supreme Court of Mississippi.
August 31, 1983.
Kenneth C. O'Neal, Grenada, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
Winford Dorrough was convicted of aggravated assault on a police officer and *36 received a life imprisonment sentence because of enhanced punishment as an habitual offender. His appeal here from the Circuit Court of Grenada County assigns only one error. We affirm the conviction.
The question for decision is whether the trial court committed reversible error by overruling a defense motion for a new trial because one juror failed to respond to a question during voir dire examination. The trial court held the question was ambiguous.
Defense co-counsel for Dorrough were Kenny O'Neal and Leon Provine. Prospective jurors had answered an information card for the court, which card asked "Have you ever been an accused, complainant, or witness in a criminal case?" The juror in question, Bobby McNeer, answered "No".
O'Neal conducted voir dire examination for the defense. No record was made of voir dire questioning at the time of its occurrence. Recollections of questions asked were later testified to on the motion for a new trial. O'Neal testified that he asked if any juror had ever been "the victim of an assault and battery or attack." McNeer did not respond to this question and was accepted as a juror.
After the conviction, Attorney Provine recalled that he had represented another defendant, Richard Bailey, on an aggravated assault charge in which McNeer was the victim some three years before. Bailey, who was charged with shooting into a vehicle occupied by Bobby McNeer, pleaded guilty; therefore, McNeer did not testify. Upon verifying his recollection of this prior case, co-counsel Provine and O'Neal filed a motion for a new trial based upon newly discovered evidence. Attorneys Provine and O'Neal, McNeer, and three other jurors testified as to their recollection of voir dire questions. McNeer recalled O'Neal's question about "assault and battery," and his understanding of the question was that he meant "bodily harm." Since McNeer wasn't "harmed," he did not reply to the question. He further said that the Bailey incident had no bearing on his decision in Dorrough's case.
The trial judge found that the question as asked was ambiguous to the panel. Further, he found that the juror McNeer considered the question and determined that it did not apply. No evidence of evasiveness or untruthfulness by McNeer was presented, and the court further found no apparent prejudice to the defendant.
For resolution of this question, our decision in Odom v. State, 355 So.2d 1381 (Miss. 1978) presents our guideline. Where a prospective juror in a criminal case fails to respond to a question by defense counsel on voir dire, the Court should determine whether the question was (1) relevant to the voir dire examination, (2) whether it was unambiguous, and (3) whether the juror had substantial knowledge of the information sought to be elicited. If all answers to the above questions are affirmative, then the court determines if prejudice to the defendant in selecting the jury could be inferred from juror's failure to respond. This test has been applied in Laney v. State, 421 So.2d 1216 (Miss. 1982), Atkinson v. State, 371 So.2d 869 (Miss. 1979), Dase v. State, 356 So.2d 1179 (Miss. 1978), Brooks v. State, 360 So.2d 704 (Miss. 1978).
Applying this test to the case sub judice, the trial judge found affirmatively two of the three guidelines. However, he found that the question was ambiguous to the jury panel. The witnesses' answers showed variances in their recall of the exact wording of the question and their understanding of its meaning. His finding states that the jurors understood the question to relate to a situation without personal injury. Although he recognized the legal definition of the words "assault, battery, and attack" as technical terms of the legal profession, he applied these terms "on the basis of what the questions meant to the person to whom it was posed."
Reference to the record on the motion for a new trial supports his conclusion. This Court has previously held that it will not set aside a factfinder's decision, in this instance, the judge, unless it is clear that the decision is the result of prejudice, *37 bias, or fraud, or that it is manifestly against the weight of the evidence. Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963), Clanton v. State, 49 So.2d 267 (Miss. 1950). The finding that an ambiguous question was asked supports his decision to deny a new trial. Additionally, however, the Court went further to find no prejudice to the defendant in light of McNeer's response that his decision was unaffected by his personal incident. We find no error in this result and affirm.
Under the supervisory powers of this Court, we suggest that the trial courts require, as a minimum, a recording of all facets of a criminal trial, especially the voir dire examination and closing arguments. As here, where errors are assigned in a portion of the record not accurately preserved for appeal, this Court and the defendant are disadvantaged on review. On appeal, counsel may subsequently state that part of the reporter's transcript of the testimony and evidence that they desire to be transcribed, or omitted, where not in issue for review. Miss. Code Ann. § 9-13-33(3) (1972).
We affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.