PAYNE, J.,
for the Court:
PROCEDURAL POSTURE AND ISSUE PRESENTED
¶ 1. This case is before the Court challenging the judgment of the Lafayette County Circuit Court of conviction of one court of aggravated assault and sentence of fifteen years in the custody of the Mississippi Department of Corrections, five years suspended, with ten years to serve. After an unsuccessful motion for JNOV, Owens perfected this appeal, raising the following issue for our consideration
WHETHER THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE CONVICTION.
After reviewing the record and arguments in the briefs submitted in this matter, we find there was sufficient evidence to support the conviction. Accordingly, we affirm the conviction and sentence in this matter.
FACTS
¶ 2. Frank Owens was a prior live-in boyfriend of the victim, Pearline Dean. On the night of September 17, 1995, Dean returned to her mobile home from a social function around midnight. Owens lay in wait inside the mobile home. When Dean entered her home, she proceeded to walk past her daughter’s bedroom when she encountered Owens, who emerged from behind a bed. According to Dean, Owens told her he had come to talk to her. Dean ordered Owens to leave her home, and she *919 began to retreat toward the living room area of the mobile home. Owens bypassed Dean and as he stood next to her front door talking to her, Tony Dickson, a friend and co-worker of Dean’s, knocked on the door. Owens inquired as to the identity of the visitor, and Dean responded that she did not know. According to Dean, Dickson called out his identity prompting Dean to yell out. This prompted Owens to make a derogatory reference about Dickson.
¶ 3. Owens then approached Dean, slapped her with the back of his hand which knocked her over a coffee table. According to Dean, Owens kicked her and stomped her about the back, shoulder, and face while she lay on the floor. Despite her efforts, Dean could not get away. Dean testified that she heard a vase break and that Owens took a piece of the broken vase (glass) and slashed Dean’s face. Dean continued to struggle, and after her face had been slashed with the broken vase, she managed to get up. With blood flowing from her facial wound, Dean exited her mobile home and went to a neighbor’s residence to seek help. Owens fled the scene. Dean identified Owens as her assailant.
¶ 4. Lieutenant Linden Carpenter of the Oxford Police Department was the responding officer. Linden testified that, when he arrived on the scene, Dean, who was bleeding badly, was sitting on the steps of her residence. Emergency medical personnel were dispatched to care for Dean. Carpenter testified that Dean’s mobile home was in disarray; broken glass and destroyed furniture were evident. Detective Andy Waller, a twenty-five year veteran of the Oxford Police Department, investigated the case. Waller took photographs of Dean’s wounds as well as the inside of Dean’s residence on the morning after the incident. Waller discovered a jagged piece of a broken vase as well as blood on the couch. While no independent blood identification tests were conducted, Waller testified that based on his experience as a police officer, he was able to identify the blood to be what he believed to be of human origin. Waller discovered no signs of a forced entry to Dean’s residence. On cross-examination, Waller admitted that no piece of the broken vase was collected as evidence nor were any tests conducted to determine the origin of the blood stains.
¶ 5. Dr. John F. Lorenzo, an otolaryn-gologist, testified that he treated Dean for her injuries. Lorenzo characterized the injuries as moderately severe, a minimum threat to her functioning but a long term cosmetic threat. The cuts Dean received were not smooth, but rather frayed and jagged. On cross examination, Lorenzo testified that Dean’s injuries were not life threatening.
¶ 6. At the conclusion of the prosecution’s case, Owens sought a directed verdict which was denied. Owens then rested his case without putting on any evidence. After closing arguments and deliberation, the jury convicted Owens of aggravated assault.
ANALYSIS AND DISCUSSION
¶ 7. Our standard of review with regard to motions challenging the sufficiency of the evidence is well-settled. A challenge to the sufficiency of the evidence requires this Court’s consideration of the evidence before the trial court when made. Haley v. State, 737 So.2d 371 (¶ 8) (Miss.Ct.App.1998) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). Thus, this Court must review the ruling on the last occasion when the challenge was made at the trial level. Id. In this case, Owens’s challenge to the sufficiency of the evidence came when he submitted his motion for a directed verdict at the end of the prosecution’s case. If on review we find there was sufficient evidence supporting the conviction, we must sustain the trial court’s judgment. Id. (citing Collier v. State, 711 So.2d 458 (¶ 11) (Miss.1998); McClain, 625 So.2d at 778; Esparaza v. State, 595 So.2d 418, 426 (Miss.1992)). We are bound to consider the evidence presented at trial in *920 the light most favorable to the prosecution, accepting as true all credible evidence introduced by the prosecution and giving the prosecution all reasonable inferences flowing from their evidence. Id. (citing Noe v. State, 628 So.2d 1368, 1369 (Miss.1993); Heidel v. State, 587 So.2d 835, 838 (Miss.1991)).
¶ 8. Owens was indicted under Miss.Code Ann. § 97-3-7(2)(b) which provides that “a person is guilty of aggravated assault if he attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.... ” Dean testified that Owens confronted her on her entry into her mobile home. After refusing Dean’s request for him to leave, Owens attacked Dean after Tony Dickson identified himself outside the residence. According to Dean, Owens kicked her in the back and shoulder and stomped her face. Owens then took a piece of a broken vase and inflicted a severe cut on Dean’s face. Under Miss. Code Ann. § 97-3-7(2)(b), no proof of serious bodily injury is required. Gayle v. State, 743 So.2d 392 (¶ 44) (Miss.Ct.App.1999).
¶ 9. With regard to whether a deadly weapon was employed, this is a fact question uniquely for the jury. Id. at (¶ 46). Dean testified that she heard the vase break and felt Owens cut her on her face while she pleaded for him to stop. Whether or not the broken glass vase which Dean maintains Owens cut her with was a deadly weapon was a jury question. Owens relies on Brooks v. State, 360 So.2d 704 (Miss.1978) for his assertion that the evidence in the case sub judice was insufficient. However, Brooks definitely is distinguishable. First, unlike Brooks’s jury, the jury in Owens’s case was instructed on the lesser-included offense of simple assault and obviously rejected the notion that Owens’s attack on Dean was only simple assault. Second, Brooks was indicted under subsection (a) of the statute which has different elements. Third, there was no allegation that a deadly weapon was used by, the assailant in Brooks nor was any proof offered in this regard. Fourth, the injuries to Brooks’s victim were limited to “a few bruises and marks on the left side of her neck.” Id. at 705. Fifth, Brooks was decided on a weight of the evidence question, and not on a sufficiency of the evidence question. The two are different. A challenge to the weight of the evidence requires us to consider whether the trial court erred in denying whether the trial court committed an abuse of discretion in overruling the motion for JNOV, and whether this Court’s sustaining that ruling would result in an unconscionable injustice against the individual convicted of the crime. Sykes v. State, 749 So.2d 239 (¶ 7) (Miss.Ct.App.1999). Here, Owens challenges the sufficiency of the evidence, not the weight of the evidence as did Brooks. Therefore, the rule in Brooks is not analogous to the facts of our ease.
CONCLUSION
¶ 10. Adhering to our strict standard of review on questions of evidentiary sufficiency, thus accepting as true all credible evidence introduced by the prosecution and giving the prosecution all reasonable inferences flowing from their evidence, we find there was sufficient evidence to sustain this conviction. Accordingly, we affirm.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED AND TEN YEARS TO SERVE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LAFAYETTE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, *921 IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.