CHANDLER, J.,
Dissenting:
¶ 55. I join the majority on all issues except the jury instructions with which I respectfully dissent. I believe the jury was properly instructed and would affirm the trial court’s rulings on this issue.
¶ 56. The majority finds merit in Robinson’s argument that the trial judge failed *900 to properly instruct the jury on Robinson’s self defense theory. The relevant facts pertaining to this issue are as follows. This was an incident of road rage which occurred around midnight at a main intersection in Tupelo, Mississippi involving two men. One of the men, Parks, was 6' 3", weighed approximately 220 pounds and was forty-four years of age. Robinson, 5' 9" of medium build, was thirty-five years of age. Parks who earned his living as a painter was a big man with a “big stomach.” Robinson worked as a carpenter and in the landscaping business as well as other physically demanding occupations. He was employed at the time of the incident as a Sheetrock hanger.
¶ 57. All of the evidence at trial other than Robinson’s testimony indicates that he was a willing participant in the altercation and showed no fear of Parks. But Robinson testified that he was afraid for his life and stabbed Parks approximately eleven times, including three times in the back, out of that fear. Four of the stab wounds were fatal, including one of the wounds to the back.
¶ 58. The question before this court is whether the jury was properly instructed based on the evidence presented. The instruction (D-6) which the majority holds Robinson was wrongly denied states:
If you believe from the evidence that the deceased was a much larger and stronger man than the Defendant, and was capable of inflicting great and serious bodily harm upon the Defendant with his hands, and that the Defendant had reason to believe and did believe as a man of ordinary reason that he was then and there in danger of such harm at the hands of the deceased and used a knife, with which he fatally stabbed the deceased, to protect himself from such harm, then the Defendant was justified, and your verdict shall be “not guilty” even though the deceased may not have been armed.
I believe the majority errs by holding that the defendant is entitled to the above instruction. There was no evidence to indicate that a man of ordinary reason would believe Parks, using only his fists, was capable of inflicting great and serious bodily harm upon Robinson. See Brooks v. State, 360 So.2d 704, 706-707 (Miss.1978).
¶ 59. It is within the discretion of the trial judge to correct an instruction so that it correctly reflects the facts of the case, or reject it if other instructions properly instruct as to the defendant’s theory. Hester v. State, 602 So.2d 869, 872 (Miss.1992). I believe the trial judge correctly rejected instruction D-6. The self defense instructions the trial judge did provide the jury are found in the majority opinion but I state them here for the convenience of the reader.
If you find from the evidence in this case beyond a reasonable doubt that Alvin Lenard Robinson, ... did willfully, unlawfully, and feloniously, without authority of law, kill and slay James M. Parks without malice aforethought, in the heat of passion, by use of a deadly weapon, and not in necessary self-defense, then you shall find the defendant, Alvin Lenard Robinson, guilty of manslaughter. If the State has failed to prove one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty.
The Court instructs the jury that if you find from the evidence in this case beyond a reasonable doubt that the defendant, Alvin Robinson, killed James Parks while resisting an attempted assault and that Alvin Robinson used more force than was reasonably necessary under the existing circumstances, then you may consider that fact as evidence in your consideration of guilt.
*901 The Court instructs the jury that you are not to judge the actions of Alvin Robinson in the cool, calm light of after-developed facts, but instead you are to judge the defendants actions in the light of the circumstances confronting the defendant at the time, as you believe from the evidence that those circumstances reasonably appeared to the defendant on that occasion.
The Court instructs the jury that to make a killing justifiable on the grounds of self-defense, the danger to the defendant must be either actual, present, and urgent, or the defendant must have reasonable grounds to apprehend a design on the part of the victim to kill him or to do him great bodily harm, and in addition to this, he must have reasonable grounds to apprehend that there is imminent danger of such design being accomplished.
It is for the jury to determine the reasonableness of the ground upon which the defendant acts.
The majority relies on Manuel v. State, 667 So.2d 590 (Miss.1995), in finding these instructions inadequate because there is no explicit language regarding Robinson’s right to use his knife against Parks’ attack with his fists. In my view, that case does not compel the trial judge in this case to use such language.
¶ 60. The Manuel case holds “where an attacker is much larger than the one attacked, the nature of the assault, though only with fists, might be such as to reasonably show that the one being attacked is in danger of great bodily harm, and therefore is justified in the use of a deadly weapon to defend herself.” Id. at 592 (citing Hinson v. State, 218 So.2d 36, 39 (Miss.1969)). The Court uses the word “might” and states the necessity to look to the “nature of the assault” to determine whether such a defense is reasonable. In Manuel a much larger man whom the female defendant knew to be violent told the defendant that he intended to kill her while beating her. Prior to stabbing the man, the defendant sustained injuries which were apparent to the police when they arrested her. Id. at 591. The victim was stabbed in the arm and the neck. There were no stab wounds to the victim’s back.
¶ 61. The facts in this case are similar to the facts in Brooks. In Brooks, the attacker struck the victim with his fists and a book while threatening to “beat up” the victim. Brooks, 360 So.2d at 705. There was no report of noticeable injuries. The court held that, absent serious bodily injury, it is nothing more than mere conjecture that one is in danger of suffering such injury. Id. Unlike Manuel, Robinson failed to submit evidence which shows it was reasonable for him to believe he was in danger of great and serious bodily harm. Robinson only established that Parks outweighed him. There is no evidence to indicate that Parks was stronger, quicker, more agile or physically dominant in any way. Although Robinson claimed he suffered a blow to his eye and his mouth, the deputy who arrested Robinson the afternoon following the incident noticed no injuries to Robinson. The female defendant in Manuel stabbed the victim two times from the front while suffering a beating at the hands of the victim, a person with a history of violence, who was telling her that he intended to kill her. It defies all logic that Robinson would stab Parks eleven times including three times in the back because he believed he was in fear of great and serious bodily injury at the hands of Parks.
¶ 62. Read as a whole the instructions provide the proper legal standard as it applies to self defense in this case. The trial judge instructed the jury to look at the facts and circumstances surrounding *902 this incident and decide whether Robinson used more force than necessary in his defense of an attempted assault by Parks. In addition to those instructions, the jury was told to view the circumstances as they reasonably appeared to the defendant at the time. They were also instructed that Robinson’s actions were justified if he had reasonable grounds to believe Parks intended to do great bodily harm to Robinson and Parks was capable of inflicting such harm upon Robinson. I believe the learned.trial judge properly instructed the jury and I would affirm.
BRIDGES, LEE, AND MYERS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.