**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Walter BERRY, Jr., Defendant–Appellee.**

No. 95–3481.

United States Court of Appeals,
Seventh Circuit.

Argued March 27, 1996.

Decided Aug. 16, 1996.

Thomas Edward Leggans (argued), Office of U.S. Atty., Criminal Div., Fairview Heights, IL, for plaintiff-appellant.

Patricia Littleton (argued), Carbondale, IL, for defendant-appellee.

Before EASTERBROOK, KANNE, and DIANE P. WOOD, Circuit Judges.

KANNE, Circuit Judge.

The government indicted Walter Berry, Jr., on two counts of unlawful delivery of crack cocaine. The only difference between the quantum of evidence against Berry under the first and second counts was a tape recording of a conversation that allegedly took place between Berry and Eddie Brown, a government informant, and that purported to implicate Berry in the illegal activity that was the subject of count two.

Over Berry's objection, the tape recording was admitted into evidence and played for the jury. In order to aid the members of the jury in listening to the recording, the district court allowed the government to provide them a transcript of the recording while the recording was played in open court. Along the margin of the transcript, Berry and Brown were identified as the speakers. The transcript was not admitted into evidence, nor was it marked as an exhibit.[1] Berry had objected to providing the transcript to the jury on the ground that its identification of him as a speaker was unfairly prejudicial in light of the fact that his theory of defense was that he was not the person who sold the cocaine to Brown. The government responded that Brown had supplied the fact that Berry was the speaker. The district court then overruled Berry's objection, advising Berry he could attack Brown's identification of him on cross examination. However, for whatever reason, Brown never testified as to

---

1. We outlined the various proper means of identifying a transcript for use at trial in our previous opinion. *See United States v. Berry,* 64 F.3d 305, 307 n. 1 (7th Cir.1995).

the accuracy of the transcript's identification of Berry as a speaker, thus leaving the transcript unauthenticated.

Both prior to the playing of the recording and during its charge to the jury, the district court instructed the jury that the transcript was not evidence but only an aid to help them listen to the recording and that if they believed the recording indicated something different from what was on the transcript, the recording controlled.[2]

At the end of the two-day trial, the jury began its deliberations. Unbeknownst to the district court and counsel, the jurors had retained copies of the transcript. Following six and one-half hours of deliberations, the jury returned split verdicts—an acquittal on count one and a guilty verdict on count two. It was not until after the jury rendered its verdicts, when the court was discussing the jury experience with the jurors, that the court learned the jury had the transcript during its deliberations. The district court then called the jury into open court and asked them whether they had used the transcript in their deliberations, to which they answered in the affirmative. The district court noted that one juror had told him that without the transcript he would have returned a guilty verdict on count two in fifteen minutes. However, presumably in accordance with FED. R. EVID. 606(b),[3] the district judge did not question the jurors as to what effect the transcript had upon their deliberations.

The district court subsequently granted Berry's motion for a new trial on the ground that there was a reasonable possibility that the transcript influenced the jury's verdict. In reaching that conclusion, the district court noted its perception that the "government's case is not the strongest case in the world." The district court also expressed concern regarding the efficacy of its instruction regarding the nonevidentiary nature of the transcript. After reaching the conclusion to grant Berry's motion, the district judge noted that the case law in this circuit would allow him to provide a jury with a copy of a transcript during its deliberations, and the judge expressed his intent that he would "likely" send future transcripts back with the jury.

The government appealed the district court's decision granting a new trial, and we remanded the matter to the district court to make an explicit determination as to whether there was a reasonable possibility that Berry was prejudiced by the jury's use of the transcript during deliberations. *United States v. Berry,* 64 F.3d 305, 308 (7th Cir.1995).

On remand, the district court recognized the importance of the transcript to the jury's guilty verdict on count two. The district court reasoned:

> Since the sole issue in Count II was whether defendant Berry was one of the speakers on the recording, the transcription's identification of one speaker as the defendant clearly had an influence upon the jury's verdict which was prejudicial to the

---

**2.** Specifically, the district court instructed:

> The government has been permitted to hand out a typed document which it prepared containing the government's interpretation of what appears on the tape recordings which have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the tapes. However, they are not in and of themselves evidence. Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves. You alone should make your own interpretation of what appears on the tapes based on what you heard. If you think you heard something differently than appeared on the transcription, then what you heard is controlling.
>
> Let me say again, you, the jury, are the sole judges of the facts. •

**3.** Rule 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

defendant. As Judge Rovner wrote in her concurring opinion, "it is difficult to imagine evidence that would be more prejudicial to the defendant than a transcription of a conversation in which he allegedly sold crack cocaine to a government informant, where the transcription identified him as the speaker and the sole issue in the case is who was speaking during the transaction."

(quoting *Berry,* 64 F.3d at 309 (Rovner, J., concurring)). The government appeals, challenging the district court's finding of prejudice.

■ A criminal defendant has "a right to be tried on the basis of the evidence admitted at his trial, and this right may be violated if the jury gets access to extra-record evidence ... even if the access is not the result of any prosecutorial misconduct." *United States v. Sababu,* 891 F.2d 1308, 1333 (7th Cir.1989) (quoting *United States v. Bruscino,* 687 F.2d 938, 940 (7th Cir.1982) (en banc), *cert. denied,* 459 U.S. 1228, 103 S.Ct. 1235, 75 L.Ed.2d 468 (1983)). However, a jury verdict should not hastily be disturbed through the grant of a motion for a new trial, *Berry,* 64 F.3d at 306, and a defendant is not entitled to a new trial every time a jury is exposed to material not admitted into evidence. *Sababu,* 891 F.2d at 1333. A defendant is only entitled to a new trial if there is a reasonable possibility that the evidence had a prejudicial effect upon the jury's verdict. *Berry,* 64 F.3d at 306; *Sababu,* 891 F.2d at 1333. "In each case the crucial factor is 'the degree and pervasiveness of the prejudicial influence possibly resulting' from the jury's exposure to the extraneous material." *Sababu,* 891 F.2d at 1333 (quoting *United States v. Solomon,* 422 F.2d 1110, 1118 (7th Cir.), *cert. denied,* 399 U.S. 911, 90 S.Ct. 2201, 26 L.Ed.2d 565 (1970)).

■ The determination as to whether extraneous material had a reasonable possibility of prejudicing the jury is a matter for the district court to decide. In reviewing such a determination, we remain mindful that "[t]he inquiry into prejudice becomes a matter of addressing the probabilities that a particular jury was prejudiced by particular documents. The district court will always be in a better position than the appellate judges to assess the probable reactions of jurors in a case over which he has presided." *Bruscino,* 687 F.2d at 941. For that reason, we review a district court's decision granting a new trial for abuse of discretion, and we will not overturn that decision unless we are strongly convinced that it is incorrect. *United States v. Boyd,* 55 F.3d 239, 242 (7th Cir.1995).

The government raises several arguments on appeal. Although the government's arguments could support a finding of no prejudice, they do not convince us that the district court abused its discretion in finding a reasonable possibility of prejudice in this case.

The government first argues that the jury's use of the transcript during its deliberations cannot support a finding of prejudice because the jury was provided with the transcript during the course of the trial. The fact that the jury was previously exposed to the transcript is certainly a factor weighing against prejudice. But in a case such as this, where identity of the speaker on a recording was the crucial issue, the unauthenticated and unadmitted transcript identified the defendant as the speaker, and there was not a significant amount of identification evidence, the judge could have concluded that the jury, in using the transcript during its deliberations, likely placed substantive weight on the transcript's identification of Berry as the speaker. An analogous situation presents itself where a jury requests transcripts of trial testimony of particular witnesses for use during its deliberations. In that situation, we have held that a district court may properly be concerned that although the jury has heard the testimony before providing them a copy of only limited testimony may prejudice the defendant because the jury may unduly emphasize that testimony. *See United States v. Hernandez,* 27 F.3d 1403, 1408 (9th Cir.1994) (finding that district court erred in providing jury with copy of witness's trial testimony during its deliberations without adequately protecting against potential that jury would place undue emphasis upon that testimony), *cert. denied,* — U.S. —, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995); *United States v. Guy,* 924 F.2d 702, 708 (7th Cir. 1991) (affirming district court's decision not

to comply with jury request for copy of witness's testimony where district court believed that sending back only the requested information would unduly highlight that testimony).

The government next argues that the jury could not have been influenced by the transcript's identification of Berry as a speaker because the jury was instructed that the transcript was not evidence. However, as the district court noted, the relevant jury instruction, which told the jury the transcript was not evidence, may not have been sufficient under the circumstances present in this case. Although the district judge did not specifically detail what he perceived as the infirmity of the instruction, he likely (and reasonably) determined that, in light of the centrality of the identification issue and the limited amount of evidence on that issue, the jury's prolonged exposure to the transcript required a more detailed instruction that the transcript's identification of Berry as the speaker was not evidence. *See United States v. Keck,* 773 F.2d 759, 765–66 (7th Cir.1985) (noting with approval district court's use of such an instruction); *but see United States v. Zambrana,* 841 F.2d 1320, 1335 n. 12 (7th Cir.1988) (affirming conviction where jury instruction did not specifically instruct jury that transcript's identification was not evidence).

■ The government also argues that the district court abused its discretion in finding a reasonable possibility of prejudice because the only juror that discussed the impact of the transcript stated that he believed it actually helped Berry. Rule 606(b) strictly limits the material about which a juror may testify and specifically precludes a juror from testifying regarding "the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict." Fed. R. Evid. 606(b). The Rule further provides: "Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes." *Id.* Thus, a district court must ignore a juror's comment regarding how a particular piece of material disposed the juror toward a particu-lar verdict, and the district court must make an independent determination of the likely effect of the extraneous material. *See United States v. Ruggiero,* 56 F.3d 647, 652 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 397, 133 L.Ed.2d 317 (1995); *United States v. Maree,* 934 F.2d 196, 201 (9th Cir.1991).

Finally, the government argues that the district court's stated intention to provide transcripts during jury deliberations in future trials fatally undermines its finding that prejudice resulted from the jury so using the transcript in this trial. Even if we interpret the judge's comment to mean that he would send a transcript to the jury room during deliberations in the retrial of the present case, that intention does not necessarily undermine the validity of the judge's finding of prejudice. The judge stated his intent to provide transcripts to juries generally, a practice that we have approved as being within a district court's discretion. *See United States v. Hofer,* 995 F.2d 746, 749 (7th Cir.1993). The district court did not find prejudice from use of the transcript itself, but from the transcript's identification of Berry as one of the speakers in the face of what it perceived to be potentially inadequate jury instructions. The district court could have stated its intention to allow the use of the transcript by the jury in a retrial, assuming that it would take steps to protect against the perceived prejudice.

A finding of prejudice must be made on the facts of each case. *Marshall v. United States,* 360 U.S. 310, 312, 79 S.Ct. 1171, 1173, 3 L.Ed.2d 1250 (1959). In this case, the district court believed that the jury's use during its deliberations of a transcript identifying the defendant was unfairly prejudicial because of the central importance of the recording (and transcript) to the guilty verdict. As the district court noted and the verdict on count one bears out, the government's case was not strong. In the face of a less than significant amount of evidence identifying Berry as being involved in the crime, the availability and use of the transcript during the jury's deliberations could have persuaded the jury that Berry was indeed one of the speakers on the tape and, therefore, guilty of

**602**

the crime charged. We cannot categorically state otherwise.

These are relatively unique facts and ones that do not necessarily give the impression of unfair prejudice. However, our deferential review leads us to the conclusion that, in light of the record, the district court did not abuse its discretion in granting the motion for a new trial, and we accordingly AFFIRM.