**Walter BERRY, Jr., Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 01–2042.**

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 3, 2003.[1]

Decided Jan. 7, 2003.

1. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

### ORDER

This case has had a long, and some might accurately suggest tortured, history. We see no reason to recount that history here, other than to point the interested reader to three prior published opinions. *See United States v. Berry*, 64 F.3d 305 (7th Cir.1995); *United States v. Berry*, 92 F.3d 597 (7th Cir.1996); *United States v. Berry*, 133 F.3d 1020 (7th Cir.1998).

Today, on his fourth visit here, Walter Berry, Jr. argues that he was denied his Sixth Amendment right to the effective assistance of counsel when his attorney failed to call a witness, Tyrone Ashford, to testify at his sentencing hearing. That claim was rejected by the district court when Berry presented it in a § 2255 motion. We affirm the district court's judgment denying relief.

Upon our review of the record, we have little difficulty concluding that Berry has failed to meet his burden of establishing that his trial counsel's failure to call Ash-ford to testify at the sentencing hearing fell below an objective standard of reasonableness. His counsel, Paul Christenson, reasoned that Ashford, if called, would simply repeat (this time under oath) his statements to police about the level of Berry's drug dealing and, considering that, it would be better to argue that Ashford's out-of-court statements were unreliable and thus unworthy of belief. This is not an unreasonable conclusion. Further, there has been no showing to date that Ashford's live testimony would have been favorable to Berry, and without knowing precisely what Ashford would say, this § 2255 motion asks us to buy a pig in a poke. We are not inclined to make that purchase.

AFFIRMED.