355 So.2d 1381 (1978)
John Howard ODOM
v.
STATE of Mississippi.
No. 50296.
Supreme Court of Mississippi.
March 15, 1978.
*1382 Buckley & Ford, Travis Buckley, Laurel, for appellant.
A.F. Summer, Atty. Gen. by Calvin Coolidge Williams, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
WALKER, Justice, for the Court:
This is an appeal from a conviction of burglary returned after a jury trial in the Circuit Court of Noxubee County, Mississippi. Appellant was sentenced to five years in the custody of the Mississippi Department of Corrections.
The evidence in this case was conflicting, but because appellant concedes that there was sufficient evidence upon which the jury could have based its verdict, it is not necessary for us to detail the facts of the case.
Appellant's first assignment of error, that the trial court should have excluded the evidence offered by the state to show the identity of the victim of the burglary and should not have allowed the indictment to be amended, is totally without merit. See Hilbun v. State, 167 Miss. 725, 148 So. 365 (1933).
Appellant next contends that the trial court erred in overruling his motion for a new trial which was based upon the failure of a juror to respond to a question asked during the voir dire examination of the panel. Counsel for appellant asked the panel whether any of them had a close relative who was involved in law enforcement, and the juror, John B. Freshour, did not raise his hand. The evidence adduced at the hearing on the motion for a new trial established that Mr. Freshour's brother, Pete Freshour, was one of the police officers who was involved in the investigation of the crime with which appellant was charged. In addition, John B. Freshour failed to respond to the inquiry by counsel for appellant whether there was any reason why any member of the panel could not render a fair and impartial verdict in the case.
Counsel for appellant stated at the hearing on the motion for a new trial that if Mr. Freshour had responded to either of these questions, he (counsel) would have used a peremptory challenge to have Mr. Freshour removed from the panel. Appellant argues that Mr. Freshour's lack of candor made it impossible for him to intelligently exercise his peremptory challenge all in violation of Mississippi Code Annotated section 13-5-69 (1972).
The materiality of the question by appellant's counsel is emphasized by the record which reveals that upon trial of the cause there was testimony to the effect that Pete Freshour (this juror's brother) participated in the investigation of this case. Mississippi Code Annotated section 13-5-69 (1972) grants appellant the right to question jurors with reference to peremptory challenges. The failure of John Freshour to respond to the inquiry on voir dire clearly had an adverse effect on appellant's right to challenge John Freshour peremptorily.
*1383 The question with which we are presented here is whether appellant must demonstrate prejudice resulting from such impairment before he is entitled to a new trial.
In Jones v. State, 133 Miss. 684, 98 So. 150 (1923), we held that counsel must have latitude in searching the minds and consciences of jurors in order to be able to exercise their peremptory challenges intelligently. Although that case dealt with the denial of the statutory right of a defendant to question prospective jurors directly and not have to propound questions through the presiding judge, the principle announced is applicable in the case sub judice. The failure of a juror to respond to a relevant, direct, and unambiguous question leaves the examining attorney uninformed and unable to ask any follow-up questions to elicit the necessary facts to intelligently reach a decision to exercise a peremptory challenge or to challenge a juror for cause. Therefore, we hold that where, as here, a prospective juror in a criminal case fails to respond to a relevant, direct, and unambiguous question presented by defense counsel on voir dire, although having knowledge of the information sought to be elicited, the trial court should, upon motion for a new trial, determine whether the question propounded to the juror was (1) relevant to the voir dire examination; (2) whether it was unambiguous; and (3) whether the juror had substantial knowledge of the information sought to be elicited.[1] If the trial court's determination of these inquiries is in the affirmative, the court should then determine if prejudice to the defendant in selecting the jury reasonably could be inferred from the juror's failure to respond. If prejudice reasonably could be inferred, then a new trial should be ordered. It is, of course, a judicial question as to whether a jury is fair and impartial and the court's judgment will not be disturbed unless it appears clearly that it is wrong. (Jones v. State, 133 Miss. at 711-13, 98 So. 150).
It is readily evident that no firm, unbending rule can be laid down that would control every situation that might arise on the voir dire of prospective jurors. Therefore, each case must be decided on an ad hoc basis considering the facts then before the court. On the facts presented in this case, there is a strong inference of prejudice to defendant in his selection of a jury as any astute lawyer would have examined the juror closely with reference to the juror being the brother of a police officer and his feelings in that regard. Such examination in this case would have, in all probability, established that the juror's brother was in fact a policeman in the area where the crime for which appellant was being tried occurred, thus giving him a rational basis upon which to challenge the juror peremptorily, if not for cause.
The appellant having established facts from which prejudice to him in selecting the jury might reasonably be inferred, the judgment and sentence are reversed and the cause remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] We do not suggest how this may be proved as that question was not raised or briefed. However, the general rule is that a juror may not testify to impeach a verdict rendered by them. Ratliff v. Nail, 231 So.2d 798 (Miss. 1970).