465 So.2d 339 (1985)
Glenn Elbert LOGAN
v.
STATE of Mississippi.
No. 55350.
Supreme Court of Mississippi.
March 6, 1985.
Harry L. Kelley, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Henry C. Clay, III, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
The appellant, Glenn Elbert Logan, was tried and convicted of rape in the Circuit Court of Lowndes County, Mississippi, and sentenced to a term of twenty (20) years in the custody of the Mississippi Department of Corrections. Appeal to this Court was dismissed upon motion of appellant in September of 1983. In October of 1983, appellant filed a petition for writ of error coram nobis in the Circuit Court of Lowndes County, Mississippi. It is from denial of this motion that the appellant prosecutes his appeal.
The appellant filed a motion for writ of error coram nobis asking his conviction be set aside based on newly discovered evidence that one of the jurors, John F. Lumsden, *340 failed to state on voir dire that his niece had been the victim of rape.
The question propounded to all prospective jurors as it appeared in the Judge's bench book was "Have any of you or any of your close relatives been the victim of such a crime or a similar crime?"
A hearing was had on appellant's motion at which time Mr. Lumsden testified he assumed the above question referred to one's immediate family. He has three daughters and upon being questioned, his thoughts related to them. He was aware of the fact his niece had previously been a rape victim but stated this particular incident had no effect on his decision in Mr. Logan's case.
The appellant contends he would have examined Mr. Lumsden closer and challenged for cause, if not peremptorily, if he had known Mr. Lumsden's niece was a victim of rape.
In Odom v. State, 355 So.2d 1381 (Miss. 1978) this Court set forth the guidelines to be followed when a prospective juror in a criminal case fails to respond to a question by defense counsel on voir dire. The trial court is to determine whether the question was (1) relevant to the voir dire examination; (2) whether it was unambiguous; and (3) whether the juror had substantial knowledge of the information sought to be elicited. This Court further stated:
If the trial court's determination of these inquiries is in the affirmative, the court should then determine if prejudice to the defendant in selecting the jury reasonably could be inferred from the juror's failure to respond. If prejudice reasonably could be inferred, then a new trial should be ordered. It is, of course, a judicial question as to whether a jury is fair and impartial and the court's judgment will not be disturbed unless it appears clearly that it is wrong... .
It is readily evident that no firm, unbending rule can be laid down that would control every situation that might arise on the voir dire of prospective jurors. Therefore, each case must be decided on an ad hoc basis considering the facts then before the court.
355 So.2d at 1383.
The trial court applying the Odom test found the answers to numbers one and three to be in the affirmative; however, the court found that the question propounded to the panel was patently ambiguous. Furthermore, the court concluded that no prejudice resulted to the appellant as Mr. Lumsden stated his knowledge of his niece's being raped had no effect on his verdict.
We are unable to say that the findings and holding of the trial court were erroneous. Therefore, the judgment and conviction of appellant are affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.