# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-KA-00394-SCT

## CONSOLIDATED WITH

## 93-KA-00902-SCT

*JESSE J. FLEMING*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/92 |
| TRIAL JUDGE: | HON. CLARENCE E. MORGAN JR. |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | REUBEN V. ANDERSON |
| | CARLTON W. REEVES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CRIMINAL - CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 1/9/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/30/97 |

**BEFORE PRATHER, P.J., PITTMAN AND McRAE, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## I. INTRODUCTION

¶1. This case arises from the conviction of an Attala County Supervisor, Jesse James Fleming (Fleming), for fraud by a public officer. The dispositive issue in this case is the fact that a potential juror did not respond to questions during *voir dire*, his truthful answers to which would have revealed that he was a convicted felon. Because that convicted felon served on the jury, this Court reverses and remands for a new trial.

## II. STATEMENT OF THE CASE

¶2. Fleming was indicted September 6, 1991, for fraud by a public officer in violation of Miss. Code Ann. § 97-11-31. The indictment alleged that Fleming, as Beat Four Supervisor for Attala County,

used county money to repair his personal tractor equipment. Fleming was tried and convicted in the Attala County Circuit Court on March 25, 1992. He was removed from office and sentenced to five years in prison with four years suspended. He filed a motion for a new trial, which was denied. Fleming became aware that one of the jurors, upon being questioned in *voir dire*, had not disclosed the fact that he was a convicted felon. Fleming filed a motion to apply the law of the case doctrine, which was denied.

¶3. Fleming appealed from both the jury verdict and the trial judge's refusal to grant a new trial in light of the fact that a convicted felon served on the jury. The appeals were consolidated, and Fleming raises the following issues for consideration by this Court:

**A. Whether the Audit Department Investigator's statements to Fleming were coercive promises rendering Fleming's inculpatory statements inadmissible?**

**B. Whether Fleming was denied a fair trial by a fair and impartial jury as required by the United States and Mississippi Constitutions?**

**C. Whether the trial court erred in denying Fleming's jury instructions which would have required the jury to find intent?**

**D. Whether the trial court erred in denying Fleming's circumstantial evidence instruction?**

¶4. This Court holds that jury service by a convicted felon who did not properly disclose his status in response to *voir dire* examination warrants reversal in this case. The other issues raised by Fleming are without merit, and will not be discussed.

## III. LEGAL ANALYSIS

**Whether Fleming was denied a fair trial by a fair and impartial jury as required by the United States and Mississippi Constitutions?**

¶5. The trial judge and the district attorney asked during *voir dire* if the potential jurors had ever been prosecuted for a crime. Although some members of the venire responded to this questioning, Clarence Terry Foster (Foster), did not. After the trial, Fleming discovered that Foster was a convicted felon. A hearing was held, and the trial court denied Fleming's motion for a new trial based on Foster's jury service. Fleming now argues that he is entitled to a new trial.

¶6. The seminal case on this issue is ***Odom v. State***, 355 So. 2d 1381 (Miss. 1978). In ***Odom***, this Court held that failure to respond to a question in *voir dire* does not warrant a new trial unless the trial court determines that the question propounded to the juror was 1) relevant to the voir dire examination, 2) unambiguous, and 3) such that the juror had substantial knowledge of the information sought to be elicited. ***Id.*** at 1383. If the trial court answers these three inquiries in the affirmative, then the court determines whether prejudice to the defendant could be inferred. If so, then a new trial is ordered. A trial judge's decision on whether the jury was fair and impartial should not be disturbed "unless it appears clearly that [the decision] is wrong." ***Id.***; ***Chase v. State***, 645 So. 2d 829, 847 (Miss. 1994); ***Bush v. State***, 585 So. 2d 1262, 1265 (Miss. 1991).

¶7. It was stipulated by the parties that the venire was unambiguously asked whether they had been

charged with or convicted of a felony. The focus of the hearing in the trial court was the third prong of the *Odom* test: whether Foster had substantial knowledge of the information sought to be elicited. The trial judge ruled that all three prongs of the *Odom* test had been met, but further ruled that Fleming was not prejudiced by Foster's service on the jury.

¶8. As stated earlier, the review in this case is limited to whether "it appears clearly that [the trial judge's decision that the jury was fair and impartial] is wrong." *See Odom*, 355 So. 2d at 1383; *Lewis v. State*, 580 So. 2d 1279, 1283 (Miss. 1991). If prejudice could have reasonably been inferred, then the trial judge should have granted a new trial. *Id.*

¶9. This Court has held that prejudice to the defendant is presumed in situations such as the one *sub judice:*

> [f]ollowing a jury's verdict, where a party shows that a juror withheld substantial information or misrepresented material facts, and where a full and complete response would have provided a valid basis for challenge for cause, the trial court must grant a new trial, and, failing that, we must reverse on appeal. *WE PRESUME PREJUDICE*. Where, as a matter of common experience, a full and correct response would have provided the basis for a preemptory challenge, not rising to the dignity of a challenge for cause, our courts have greater discretion, although a discretion that should always be exercised against the backdrop of our duty to secure to each party trial before a fair and impartial jury. [Emphasis added].

*T. K. Stanley, Inc. v. Cason*, 614 So. 2d 942, 949 (Miss. 1992) (emphasis added) (quoting *Myers v. State*, 565 So. 2d 554, 558 (Miss. 1990), in which this Court held that juror was properly discharged and replaced with alternate where discharged juror did not divulge husband's convictions upon being asked in *voir dire*); *Balfour v. State*, 598 So. 2d 731, 754 (Miss. 1992).

¶10. Furthermore, persons convicted of "infamous crimes" are not competent to serve on juries. *See Miss. Code Ann. § 13-5-1*. Had Foster's status as a convicted felon been made known, he would have been properly excluded from the jury for cause.

¶11. "*Voir dire* examination is often the most crucial crucible in forging our primary instrument of justice: the fair and impartial jury." *Myers*, 565 So. 2d at 558. The facts in this case indicate that Fleming was denied a fair and impartial jury, and thus, he was denied justice. Therefore, this case is reversed and remanded for a new trial.

## IV. CONCLUSION

¶12. Juror Foster did not respond to questions in *voir dire*, where his truthful response would have revealed his status as a convicted felon and an incompetent juror. Prejudice to the defendant is presumed in such a situation. Therefore, this case is reversed for a new trial. The other issues raised by Fleming are without meit.

¶13. **REVERSED AND REMANDED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, McRAE, ROBERTS AND MILLS, JJ., CONCUR. BANKS AND SMITH, JJ., NOT PARTICIPATING.**