CARLTON, J.,
dissenting:
¶ 40. I respectfully dissent. I respectfully submit that fundamental fairness was violated and that the substantial right of Johnson to an impartial jury was prejudiced by the following errors that occurred in the circuit court: (1) the limiting of the questioning of potential jurors as to the content and the sources of their pretrial knowledge of the case after the record established that twenty-five jurors possessed pretrial knowledge of the case; and (2) the resulting prejudice and harm that occurred in the contamination of the juror deliberations due to the misconduct of a juror in concealing both her relationship with the victim’s family and that the victim’s family was the source of her pretrial knowledge of the case.[2] I would therefore reverse and remand Johnson’s conviction of being a convicted felon in possession of a firearm for a new trial due to such errors affecting his fundamental right to an impartial jury. See Miss. Const. art. 3, § 26.[3]
¶ 41. During voir dire Johnson’s attorney asked potential jurors the following:
There was an issue about a shooting and then a person taking a FedEx truck from a man and fleeing in the FedEx truck. After that, there was a whole news story about him being beaten by some law enforcement officials.... But first I want to ask you, either part of that, anything about that, did anybody read or hear anything about it?
Twenty-five of the potential jurors responded affirmatively. This question was a compound question, and Johnson’s attorney was denied the opportunity to conduct individual voir dire to ascertain whether the jurors heard about the shooting, the beating, or both. The denial of individualized voir dire also prevented questioning of the potential jurors on an individual basis regarding the source of their pretrial, extraneous information. See Miss.Code Ann. § 13-5-69 (Rev.2012) (“[T]he parties or their attorneys in all jury trials shall have the right to question jurors who are being impaneled with reference to challenges for cause, and for peremptory challenges, and it shall not be necessary to propound the questions through the presiding judge-”).
¶ 42. Johnson’s attorney lacked the ability to ascertain the source of the twenty-five jurors’ pretrial knowledge, such as whether the information was the firsthand account of a witness; the extent of that information received; or whether the information merely amounted to public media information heard in passing. The discovery of such information during voir dire would have allowed the defense to determine any existing potential bias due to *629 such exposure or relationships. Rule 3.05 of the Uniform Rules of Circuit and County Court allows a circuit court, in its discretion, to utilize individualized voir dire, and the Mississippi Supreme Court requires a showing of actual prejudice or harm to reverse a circuit court’s limitation on voir dire. See King v. State, 857 So.2d 702, 724 (¶ 66) (Miss.2008) (citation omitted). The jury misconduct that came to light during deliberations showed the actual harm and prejudice resulting from the circuit court’s refusal of individual voir dire.
¶ 43. Jurisprudence reflects that if “prejudice to [the defendant] in selecting the jury might reasonably be inferred,” then a new trial should be ordered. Odom v. State, 355 So.2d 1381, 1383 (Miss.1978). The juror misconduct in the present case shows clear prejudice resulting from the undue constraint of refusing Johnson’s attorney the opportunity to conduct individual voir dire after it had already been established that twenty-five jurors received pretrial information from some unknown sources about either the shooting or Johnson’s beating by law enforcement. The clear prejudice, as acknowledged, was demonstrated by the evidence received during the post-trial hearing involving Manning, one of the jurors in Johnson’s case. I respectfully submit that the circuit court erred in allowing Manning to return to deliberations after discovery of her knowledge of pretrial, extraneous information from the family of the victim, Roberts, and that the circuit court erred in failing to declare a mistrial at that juncture due to Manning’s undisclosed pretrial knowledge of the case from Roberts’s family received during her visit to the family upon Roberts’s death.[4]
¶ 44. Once the twenty-five jurors had been identified on the record as possessing knowledge of either the shooting or the beating, Johnson’s attorney was entitled to explore on individual voir dire which pretrial offense the knowledge pertained to; the source of the knowledge, i.e., personal accounts or witness or media information in the public domain; and the extent of such knowledge. Johnson’s attorney, as well as the State, should have had the opportunity to explore those matters to ensure an impartial jury and to competently exercise peremptory challenges or challenges for cause.[5]
¶ 45. With respect to the resulting juror misconduct, the victim’s family constituted the source of the pretrial knowledge conveyed to and possessed by Manning. The prior denial of individual voir dire prevented Johnson’s attorney from discovery of this information, and Johnson was therefore denied a fair opportunity to ask jurors questions that were necessary for him to determine his right to challenge the individual jurors and to ensure an impartial jury. See Stevens v. State, 806 So.2d 1031, 1062 (¶ 139) (Miss.2001) (citations omitted); cf. Hickson v. State, 707 So.2d 536, 541-42 (¶¶ 21-25) (Miss.1997) (discussing a defendant’s right to a fair trial before an impartial jury). Such. questioning re *630 garding the source of pretrial knowledge and information is a matter appropriate for individual voir dire because of the risk of contaminating other potential jurors with revelations of previously unknown facts or sources, such as accounts of eyewitnesses, involved law enforcement, victims, defendants, or family members. See also James v. State, 912 So.2d 940, 951 (¶ 19) (Miss.2005) (finding that evidence regarding the introduction to the jury of extraneous information satisfied the minimum requirements of Gladney v. Clarksdale Beverage Co., 625 So.2d 407 (Miss.1993)).
¶ 46. The record reflects that Johnson was acquitted of the more severe charges of murder and two counts of armed robbery, and the majority credits those favorable verdicts as evidence that no prejudice resulted due to any undue restraint upon Johnson’s right to voir dire. However, once Manning faced the accusation of failing to disclose her pretrial contact with the victim’s family, the circuit court allowed her to return to deliberations. The majority finds that no prejudice occurred by Manning’s return to deliberations and that the result obtained after her return to deliberations evidenced her impartiality. Respectfully, this conclusion lacks foundation.[6]
¶ 47. The verdicts in Johnson’s favor as to the charges of murder and two counts of armed robbery could be attributed to Manning’s fear of the juror-misconduct accusations raised against her and to her efforts to vindicate herself upon her return to deliberations.[7] We shall never know since Mississippi Rule of Evidence 606(b) prohibits jurors from discussing their deliberations. See James, 912 So.2d at 950-51 (¶¶ 17-18). “Thus, a ... court must ignore a juror’s comment regarding how a particular piece of material disposed the juror toward a particular verdict, and the ... court must make an independent determination of the likely effect of the extraneous material.” United States v. Berry, 92 F.3d 597, 601 (7th Cir.1996) (citations omitted). The influence impacting Manning after she was questioned about failing to disclose her contact with the victim’s family constituted an extraneous influence that was introduced into the jury deliberations by the court. “Because the extraneous influence was introduced into the jury’s deliberations by the court and not by accident or some outside party, ... a presumption is raised that prejudice flows from the injection of such extraneous influence.” Rutland v. State, 60 So.3d 137, 144 (¶ 27) (Miss.2011) (citing Collins v. State, 701 So.2d 791, 796 (¶ 17) (Miss.1997)).
¶ 48. The acquittals obtained fail to evidence a lack of prejudice as to the conviction rendered herein. The charges determined by the acquittals are not at issue here and are forever extinguished by the Fifth Amendment double-jeopardy protections. If Manning had not returned to the deliberation room, perhaps the jury’s verdict would have been different on the greater charges. However, such speculation is of no assistance in resolving the issue now before us as to whether Johnson’s substantial rights to due process and *631 an impartial jury were prejudiced with respect to his conviction for the charge of being a convicted felon in possession of a firearm.[8]
¶ 49. As acknowledged, the record shows that during voir dire twenty-five jurors admitted to possessing pretrial knowledge of either the shooting or the beating. Upon establishing this record, fundamental fairness entitled Johnson to conduct individual voir dire to determine the source of the information and the extent of the information or knowledge obtained by each potential juror without contaminating other potential jurors.[9] The juror misconduct alleged herein evidenced a potential bias by juror Manning against Johnson as well as possibly extraneous information and association with Roberts’s family before the trial in this case. Johnson met his burden to show juror misconduct in that Manning possessed substantial knowledge of this case but failed to answer affirmatively when questioned on the subject. See Morris v. State, 843 So.2d 676, 680 (¶ 16) (Miss.2003) (citation omitted).
¶ 60. Where a juror withholds information and the evidence reflects “that a fuller and more complete response or any response at all would have provided a legitimate basis for challenge, the [circuit] court must grant a new trial[,] and if it does not, this Court must reverse on appeal.” Langston v. State, 791 So.2d 273, 281 (¶ 18) (Miss.Ct.App.2001) (citing Myers v. State, 565 So.2d 554, 558 (Miss.1990)).
¶ 51. Based upon the foregoing, I must respectfully dissent from the majority’s opinion. I would reverse and remand Johnson’s conviction of being a convicted felon in possession of a firearm for a new trial due to the abuse of discretion and errors that affected Johnson’s fundamental right to an impartial jury.[10]
ISHEE, J., JOINS THIS OPINION.

. See Odom v. State, 355 So.2d 1381, 1382-83 (Miss.1978) (remanding for a new trial where a juror failed to respond to a question during voir dire and to disclose that his brother was a police officer involved in the investigation of the crime with which the defendant was charged).

. Regarding juror misconduct and extraneous information, see Gladney v. Clarksdale Beverage Co., 625 So.2d 407, 418-19 (Miss.1993), and James v. State, 912 So.2d 940, 950-51 (¶¶ 17-18) (Miss.2005), for a discussion of the threshold showing required before a post-verdict juror inquiry is granted and the method to be used to inquire into juror verdicts.

. See James, 912 So.2d at 950-51 (¶¶ 17-19); Winters v. State, 473 So.2d 452, 457 (Miss.1985) ("In reviewing the assigned error that a trial judge has abused his discretion ..., we look to the completed trial, particularly including the voir dire examination of the prospective jurors, to determine whether the accused received a fair trial.”) (citations omitted); see also Myers v. State, 565 So.2d 554, 558 (Miss.1990) ("Our law further provides that a juror is 'disqualified' within [the meaning of Mississippi Code Annotated section] 13-5-67 where on voir dire examination he or she has withheld information or misrepresented material facts.”); Odom, 355 So.2d at 1383.

. See Miss.Code Ann. § 13-5-69.

. See 75B Am.Jur.2d Trial § 1405, at 190 (2007) (explaining that courts use an objective standard to determine whether the use of extraneous information poses a reasonable possibility of prejudice to the defendant).

. See id. ("In determining the effect of outside influence ..., the relevant factors are the nature and source of the prejudicial matter, the number of jurors exposed to the influence, the weight of evidence properly before the jury, and the likelihood that curative measures were effective in reducing the prejudice.”).

. See Perkins v. State, 244 So.2d 414, 415 (Miss.1971) (holding that a conversation between a juror and a material witness constituted reversible error); but cf. Jackson v. State, 962 So.2d 649, 667 (¶ 52) (Miss.Ct.App.2007) (finding the defendant's claim that the jurors returned a guilty verdict because they were tired was mere speculation and not reversible error).

. Cf. Merchant v. Forest Family Practice Clinic, 67 So.3d 747, 756-57 (¶¶ 20-23) (Miss. 2011) (holding that a potential juror’s failure to honestly respond to voir dire questions and his refusal to follow the circuit court's instruction to avoid references during deliberations to a different lawsuit prejudicially compromised the due-process right of a patient’s estate to a fair trial).

. See U.S. Const. amend. VI; Miss. Const. art. 3, § 26.